UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILLIAM TRACY WHEELER** | **CIVIL ACTION NO. 3:15-cv-2198** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **SHERIFF'S OFFICE OF** | |
| **RICHLAND PARISH, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff William Tracy Miller, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 14, 2015. Plaintiff is a detainee at the Richland Parish Detention Center (RPDC); he is awaiting trial on various charges and is also being held as a parole violator. He sued Richland Parish Sheriff Lee Harold, his deputy, Terry Parrish, Judge James Stevens of the Fifth Judicial District Court, and Assistant District Attorney Douglas Wheeler. He claims that his detention is unlawful and he prays for compensatory damages in the amount of $1,000,000. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Plaintiff is apparently on parole and is being supervised by Parole Officer Robert Clements. On March 16, 2015, Clements searched plaintiff's residence and discovered a small amount of marijuana. Plaintiff was then taken into custody and was booked into the RPDC and charged with parole violation, possession of marijuana, and possession of drug paraphernalia.

According to plaintiff, Parole Officer Clements gave him "... a 90 day turnaround to be completed on 6/17/2015..."

On June 16, 2015, the Sheriff's Office placed a hold on plaintiff's release based on a charge of distribution of Schedule II narcotics. According to plaintiff, he and Clements were unaware of these charges and had the Parole Officer been aware, "...he would have never been able to give [plaintiff] a turnaround."

As of the date he filed his complaint, plaintiff was unable to speak to anyone about these new charges. Further, according to plaintiff, there is no arrest report with respect to these new charges.

On June 18, 2015, plaintiff participated in a 72 hearing via telephone. According to plaintiff this hearing was presided over by the judge's secretary and not the judge. When plaintiff began to question her about the charges and the violations of his right to counsel, she hung up on him.

Plaintiff claims that there are in fact no new charges nevertheless the District Attorney's Office "disregards this." He complains that (1) he is in jail; (2) he has not been arrested or advised of the charges nor read his *Miranda* Rights; (3) he was given a "bogus" 72 hour hearing; (4) counsel was not appointed and his request for a preliminary hearing was granted but the hearing was scheduled two months later; (5) no 48 hour probable cause hearing was held; (6) an "illegal outrageous" bond of $50,000 has been set; (7) he has been denied Due Process; (8) plaintiff has not been arraigned; (9) counsel was appointed on August 12, 2015; (10) the preliminary exam was denied on August 12, 2015; and (11) plaintiff has been denied access to the Courts.

In a "secondary attachment" filed with his complaint, plaintiff alleged that his preliminary hearing was held on August 12, 2015, and that counsel was appointed. He complained that he was in jail from June until August without benefit of a hearing or appointment of counsel in violation of the Constitutions of the United States and Louisiana and the Louisiana Code of Criminal Procedure.

As noted above, plaintiff prays for the issuance of "some type of order to prevent this from happening again..." and money damages of $1,000,000.

### Law and Analysis

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009).

### 2. Habeas Corpus

Although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983, it appears that in addition to money damages he implies that he is also entitled to his immediate release from custody. To the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his immediate release from confinement, such claims must be raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. §2241 or 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claim must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

### 3. Heck v. Humphrey

Plaintiff contends that he remains confined in violation of Louisiana and Federal law. Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been and continues to be improperly confined, he has no damages claim against any defendant cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364

(1994)(a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.)

Plaintiff was initially arrested on misdemeanor charges which, in turn, led to the issuance of a parole violation warrant. While plaintiff was serving the 90 day parole revocation sentence, additional charges were filed and he remains confined on those pending charges. Plaintiff claims that his custody violates the Constitutions and laws of the United States and the State of Louisiana; however, the grounds supporting plaintiff's confinement have not yet been successfully challenged; and since a finding by this court in his favor would necessarily imply the invalidity of both his past and present confinement, *Heck* bars any claim for monetary damages which implies the invalidity of the orders supporting his confinement.[1]

As such, his claims for damages are legally frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

---

[1] It should be noted that plaintiff does not assert a false arrest claim; he does not allege that he stands falsely accused and therefore falsely imprisoned due to his innocence of the charges that have been filed against him. Were that the case, he would be entitled to request a stay of these proceedings pending the outcome of his criminal trials, because *Heck* does not extend to cases where a plaintiff files a civil rights action challenging his arrest before any conviction. *Wallace v. Kato*, 549 U.S. 384, 393–94, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); see also *DeLeon v. Corpus Christi*, 488 F.3d 649, 655 (5th Cir.2007) (noting that the Supreme Court in *Wallace* refused to extend *Heck's* application to pending criminal matters).

**PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 30, 2015.

*(signature)*
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**